UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GTIS RESNICK CO-INVESTMENT GP, LLC, as manager of GTIS RESNICK EQUITY BLOCKER LLC<br><br>Plaintiff,<br>v.<br><br>WAINBRIDGE SPECIAL SITUATIONS LP,<br><br>Defendant. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiff GTIS Resnick Co-Investment GP, LLC ("GTIS"), by its attorneys, files this Complaint against Defendant Wainbridge Special Situations LP ("Wainbridge"), and in support thereof alleges as follows:

## INTRODUCTION

1. GTIS, in its capacity as Manager of GTIS Resnick Equity Blocker LLC (the "Company"), brings this action on behalf of the Company to remedy Wainbridge's breaches of that certain Limited Liability Company Agreement of the Company, dated as of November 26, 2012 (the "LLC Agreement").

2. The Company is a limited liability corporation that indirectly invested in a real estate development in New York.

3. Under the terms of the LLC Agreement, GTIS's duties as Manager of the Company include, among other things, distributing the Company's proceeds to the Company's members, each defined in the LLC Agreement as a "Member" and collectively as the "Members."

4.      Wainbridge is a Member of the Company.  As a Member of the Company, Wainbridge is a party to the LLC Agreement as well as a separate subscription agreement between Wainbridge and the Company.  Accordingly, Wainbridge owes various express contractual obligations to the Company.  These obligations include, but are not limited to, (i) an obligation to commit a certain amount of capital to the Company, pursuant to Section 5.1 of the LLC Agreement and page 16 the subscription agreement in the form of a "Capital Commitment," (ii) an obligation to pay to the Company a "Capital Contribution" up to the amount of its Capital Commitment upon receipt of a "Capital Call" requesting such funds, pursuant to Section 5.1 of the LLC Agreement and Section 3.23(d) of the subscription agreement, (iii) an obligation to return distributions made by the Company to Wainbridge for the purpose of meeting Wainbridge's *pro rata* share of the Company's obligations or liabilities, pursuant to Section 15.2 of the LLC agreement, and (iv) an obligation to repay on demand any "Withholding Payment" made by the Company on its behalf with respect to any foreign or United States federal, state or local tax liability arising as a result of its interest in the Company, pursuant to Section 8.8(a) of the LLC Agreement.

5.      Despite receiving a written notice on March 2, 2018 and a follow-up written notice on October 18, 2018, both of which requested a Capital Contribution within the required five business days of a Capital Call as set forth in the LLC Agreement and the return of certain distributions made to Wainbridge in accordance with Section 15.2 of the LLC Agreement for the purposes of funding operating expenses of the Company and Withholding Payments, Wainbridge has failed to remit $323,663.34 it owes to the Company as detailed those notices.

6. Accordingly, following GTIS's serving Wainbridge with a written Notice of Default, GTIS now may exercise its right under the LLC Agreement to bring this action against Wainbridge to recoup the money Wainbridge owes to the Company.

## THE PARTIES

7. Plaintiff GTIS Resnick Co-Investment GP, LLC is a Delaware limited liability company with its principal place of business in New York.

8. Upon information and belief, Defendant Wainbridge Special Situations LP was and is a partnership formed in Jersey, Channel Islands, with its principal place of business in Jersey, Channel Islands.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists between the parties.

10. This Court has personal jurisdiction over Wainbridge because Section 19.3 of the LLC Agreement provides that Wainbridge agrees to "submit to the non-exclusive jurisdiction of the courts of the State of New York located in New York County or the United States District Court for the Southern District of New York." In addition, this Court may exercise personal jurisdiction over Wainbridge because Wainbridge purposefully availed itself of this forum by transacting business New York by (i) corresponding telephonically and via electronic means with representatives of the Company, GTIS and its attorneys in connection with entering into the Subscription Documents and the LLC Agreement; (ii) sending correspondence to and receiving correspondence from GTIS in New York in connection with performance of the LLC Agreement; (iii) granting GTIS a power of attorney to act on its behalf in New York; (iv) submitting the Subscription Documents, as described below, to the Company's counsel in New

3

York; (v) making capital contributions to the Company in New York; and (vi) receiving distributions of proceeds of the Company from GTIS in New York.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as alleged herein, a substantial part of the events or omissions giving rise to GTIS's claims occurred in this district. Venue also is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) because, as alleged herein, Wainbridge is subject to the Court's personal jurisdiction.

## SUBSTANTIVE ALLEGATIONS

### A. Wainbridge Becomes a Member of the Company

12. On November 22, 2012, Wainbridge applied to become a Member of the Company by completing and executing various "Subscription Documents." Wainbridge subsequently submitted the Subscription Documents to GTIS for GTIS to consider in determining whether to accept Wainbridge as a Member of the Company. When Wainbridge submitted the Subscription Documents to GTIS, it represented that it was organized for the specific purpose of becoming a Member of the Company, and it communicated telephonically and electronically with GTIS and GTIS's counsel in New York in connection with the Subscription Documents.

13. One of the Subscription Documents is a "Subscription Agreement," pursuant to which Wainbridge, among other things, granted GTIS power of attorney to make Wainbridge a Member of the Company by executing the LLC Agreement on Wainbridge's behalf. Wainbridge communicated telephonically and electronically with GTIS and GTIS's counsel in New York in connection with the terms of the LLC Agreement. Wainbridge was provided with a copy of the LLC Agreement.

14. After reviewing the Subscription Documents, GTIS accepted Wainbridge as a Member of the Company on or about November 26, 2012.

15. Under the terms of the Subscription Agreement, Wainbridge agreed to make a Capital Commitment of $1,363,636.00 to the Company. On November 26, 2012, Wainbridge and GTIS executed an amendment to the Subscription Agreement, pursuant to which Wainbridge agreed to increase its Capital Commitment to the Company to $1,579,250.00.

16. GTIS signed the LLC Agreement on behalf of Wainbridge on or about November 26, 2012. As a result, Wainbridge became and remains a Member of the Company and a party to the LLC Agreement.

B. **The LLC Agreement**

17. Section 1.1 of the LLC Agreement defines the "Manager" of the Company as GTIS. As Manager, GTIS is responsible for, among other things, calling capital to cover costs and expenses and other obligations of the Company pursuant to a Capital Call and distributing the proceeds of the Company to Members.

18. Section 5.1 of the LLC Agreement allows GTIS, as Manager of the Company, to make a "Capital Call," which is to provide a written request requiring a Member to contribute some or all of its Capital Commitment to the Company for the purposes of, among other things, "paying taxes, operating expenses and any other expenses of the Company . . . or establishing reserves for the payment of such expenses."

19. Pursuant to Section 5.3 of the LLC Agreement, GTIS, as Manager of the Company, may effectuate a Capital Call by serving a Member with a written notice specifying the purpose of the Capital Call, the amount of the Capital Call, the Member's "Membership Percentage," and the date when the Capital Call is due, which shall be no less than five (5) business days after the date of receipt of such notice.

20.  Pursuant to Section 8.8(a) of the LLC Agreement, GTIS, as Manager of the Company, is permitted to withhold from distribution to Members certain "Withholding Payments," which are defined as "payments with respect to any foreign, U.S. federal, state or local tax liability of any Member arising as a result of such Member's interest in the Company."

21.  In addition, Section 8.8(a) further provides:

> [a]ny Withholding Payment made from funds withheld upon a distribution shall be treated as distributed to such Member for all purposes of this Agreement.  Any other Withholding Payment shall be deemed to be a recourse loan by the Company to the relevant Member.  The amount of any Withholding Payment treated as a loan, plus interest thereon from the date of each such Withholding Payment until such amount is repaid to the Company at an interest rate per annum equal to the Prime Rate, plus two percent (2%), shall be repaid to the Company upon demand by the Company.

22.  Additionally, Section 8.8(a) provides that "[e]ach Member hereby agrees to indemnify and hold harmless the Company and the Manager from and against any and all liability with respect to Withholding Payments required on behalf of, or with respect to, such Member."  It also provides that GTIS "may pursue and enforce all rights and remedies it may have against each Member under this Section 8.8(a)."

23.  Separately, under Section 15.2(a) of the LLC Agreement, GTIS, as Manager of the Company, "may require a Member to return distributions made to such Member for the purpose of meeting such Member's *pro rata* share of Company obligations or liabilities."

24.  Pursuant to Section 6.1 of the LLC Agreement, if a Member does not make a required "Capital Contribution" in response to a Capital Call by the required due date, GTIS may issue a "Notice of Default."  Section 6.1 provides that a Notice of Default may, in its discretion, seek interest and costs, referred to as the "Default Amount," that accrues for the date of the default:

6

> [T]he Manager may, or may not, in its discretion, subject such Defaulting Member to certain adverse consequences, including, but not limited to, (i) accruing interest on the amount of such default and any costs of collection associated therewith commencing on the date such Capital Contribution was due at the lesser of (A) the rate of 20% per annum and (B) the maximum rate permitted by applicable law (such default amount, together with any associated collection costs, including attorneys' fees and expenses, plus interest being the "Default Amount") and requiring reimbursement for any other liability or obligation incurred by the Company in connection with such default and (ii) causing distributions that would otherwise be made to the Defaulting Member to be credited against the Default Amount in a manner to be determined by the Member.

25. If the Member does not make the required Capital Contribution within ten (10) business days following receipt of the Notice of Default, that Member becomes a "Defaulting Member" under the LLC Agreement. Section 6.4 of the LLC Agreement expressly allows GTIS to bring an action against a Defaulting Member for damages.

26. Pursuant to Section 19.3 of the LLC, the LLC Agreement is governed by the Delaware Limited Liability Company Act "and judicial interpretations thereof to the extent applicable, and otherwise in accordance with the laws of the State of Delaware."

### C. Wainbridge Breaches The LLC Agreement

27. On March 2, 2018, Wainbridge received a notice containing a Capital Call and requesting the return of distributions for the purposes of funding operating expenses and Withholding Payments of the Company in conjunction with the liquidation of the Company (the "March 2018 Notice"). Specifically, the March 2018 Notice called on Wainbridge to pay the Company $447,561.00, consisting of (i) a Capital Call in the amount of $134,365.00, and (ii) as permitted by Section 15.2 of the LLC Agreement, a request for the return of distributions in the amount of $313,196.00.

28. The March 2018 Notice specified that the general purpose of the Capital Call was to "pay outstanding operating expenses associated with the liquidation of the Company" and to make "withholding payments for U.S. federal tax liabilities." In addition to specifying Wainbridge's Membership Percentage, the March 2018 Notice set a due date for payment of March 16, 2018, more than the five (5) business days required by Section 5.1 of the LLC Agreement.

29. Wainbridge did not remit the funds requested in the March 2018 Notice by March 16, 2018. In fact, Wainbridge did not make *any* payment to the Company by March 16, 2018.

30. On October 18, 2018, Wainbridge received a second notice (the "October 2018 Second Notice"), which advised Wainbridge that it had failed to comply with the March 2018 Notice and again requested that Wainbridge deliver to the Company the amount set forth in the March 2018 Notice within five (5) business days of the receipt of the October 2018 Second Notice.

31. On October 19, 2018, Wainbridge remitted $123,897.66 to the Company, which is well short of the $447,561.00 that it owed to the Company pursuant to Sections 5.1. 8.8(a) and 15.2 of the LLC Agreement.

32. On October 26, 2018, which was five (5) business days following receipt of the October 2018 Second Notice, GTIS sent Wainbridge a Notice of Default pursuant to Section 6.1 of the LLC Agreement. The Notice of Default referenced both the March 2018 Notice and the October 2018 Second Notice. It also informed Wainbridge that if it failed to make the remainder of the required payment in the amount of $323,663.34 within ten (10) business days of October 25, 2018, Wainbridge would be a "Defaulting Member" under Section 6.1 of the LLC

8

Agreement and, accordingly, GTIS would be entitled to exercise any and all rights and remedies as set forth in Article 6 of the LLC Agreement.

33. As of the date of this Complaint, which is more than ten (10) business days following receipt of the Notice of Default, Wainbridge has failed to remit any of the $323,663.34 it owes to the Company pursuant to the LLC Agreement, as requested in the March 2018 Notice, the October 2018 Second Notice and the Default Notice. Wainbridge therefore has breached Sections 5.1, 8.8 (a) and 15.2 of the LLC.

## COUNT I

## BREACH OF CONTRACT

34. GTIS repeats, realleges, and incorporates by reference the allegations contained in this complaint and incorporates the same herein by reference as if fully set forth herein.

35. The LLC Agreement is a valid contract to which Wainbridge is a party and which is enforceable by GTIS pursuant to, among other things, Sections 6.4, 8.8(a) and 15.2 of the LLC Agreement.

36. As set forth in the March 2018 Notice, the October 2018 Second Notice, and the Notice of Default, Wainbridge has breached and continues to breach Sections 5.1, 8.8(a) and 15.2 of the LLC Agreement by (i) failing to fund its Capital Call in respect of operating expenses and certain U.S. tax liabilities relating to the Company as required by Section 5.1 of the LLC Agreement; (ii) failing to repay amounts for Withholding Payments pursuant to Section 8.8(a) of the LLC Agreement; and (iii) failing to return distributions as required by Section 15.2 of the LLC Agreement.

37. Wainbridge's failure to remit the funds it owes to the Company under the LLC Agreement is a material breach of the LLC Agreement.

38.     The Company has suffered damages as a direct and proximate result of Wainbridge's breaches of the LLC Agreement in an amount that is at least $323,663.34, plus interest, costs and expenses (including attorneys' fees) under Section 6.4 of the LLC Agreement, together with pre- and post-judgment interest.

## COUNT II
## UNJUST ENRICHMENT

39.     GTIS repeats, realleges, and incorporates by reference the allegations contained in this complaint and incorporates the same herein by reference as if fully set forth herein.

40.     In the alternative to Count I, by (i) failing to fund its Capital Call in respect of operating expenses and certain U.S. tax liabilities relating to the Company as required by Section 5.1 of the LLC Agreement; (ii) failing to repay amounts for Withholding Payments pursuant to Section 8.8(a) of the LLC Agreement; and (iii) failing to return distributions as required by Section 15.2 of the LLC Agreement, Wainbridge has been unjustly enriched at the Company's expense.

41.     Equity and good conscience militate against permitting Wainbridge to retain its unjust benefit. GTIS is entitled to restitution in the amount of at least $323,663.34 that Wainbridge possesses at the expense of the Company, together with pre- and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, GTIS prays for judgment as follows:

Entry of judgment in favor of GTIS, as Manager on behalf of the Company, against Wainbridge for all damages sustained as a result of Wainbridge's wrongdoing, including:

(a)     In respect of Count I, entry of judgment against Wainbridge in favor of GTIS awarding money damages in an amount to be proven at trial but no

10

    less than $323,663.34, plus applicable interest, attorneys' fees, costs and expenses, together with pre- and post-judgment interest;

(b)  In respect of Count II, entry of judgment against Wainbridge in favor of GTIS awarding money damages in an amount to be proven at trial but not less than $323,663.34, plus applicable pre- and post-judgment interest; and

(c)  Granting GTIS such other and further relief as this Court deems just and proper against Wainbridge.

Dated: New York, New York
February 11, 2019

           SHEARMAN & STERLING LLP

           By: *Matthew L. Craner* (signature)
             Matthew L. Craner
             Brian Calandra
             599 Lexington Avenue
             New York, New York 10022
             Telephone: (212) 848-4000
             matthew.craner@shearman.com
             brian.calandra@shearman.com

             *Attorneys for Plaintiff*
             *GTIS Resnick Co-Investment GP, LLC*